# EXHIBIT N

**Sanctus Capital Advisors –**

**Indication of Interest**

**(May 14, 2025)**

STRICTLY CONFIDENTIAL

# SANCTUS CAPITAL ADVISORS

May 14, 2025

Ecogensus, LLC; VikingPeak Energy, LLC
Bjornulf Ostvik, CEO
Email: Bjornulf@ecogensus.com

Re: Indication of Interest in Ownership Acquisition

Bjornulf:

On behalf of Sanctus Capital Advisors, Inc. ("Sanctus"), we are pleased to provide you with this non-binding indication of interest (this "Indication") in connection with our potential acquisition (the "Acquisition") all of your equity securities in Ecogensus, LLC ("Ecogensus"), VikingPeak Energy, LLC ("VikingPeak") and their respective affiliates. Sanctus will form a special purpose vehicle with investment partners for the purposes of consummating the Acquisition.

Subject to consultation with the equityholders and Boards of Managers of Ecogensus and VikingPeak, we envision potentially merging Ecogensus, VikingPeak and any other related holding companies into a consolidated licensing company (the "Holding Company") and installing a new Chief Executive Officer after the Acquisition. Our primary goal will be focusing on licensee equipment manufacturing support and related royalty revenue generation in order to prepare the Holding Company for a sale or merger, which we will endeavor to consummate within 24-36 months after the closing of the Acquisition.

We understand that there are preferred equity securities at each of Ecogensus and VikingPeak that has distribution priority to your equity interests. We will require unanimous consents of those preferred equityholders and the Boards of Managers ("Consents") to the Acquisition and related payout to you notwithstanding the priority. We also understand that you desire finality and closure in connection with the Acquisition, and as such, we will require that the Consents include full releases of you and your affiliates from any and all claims related to your ownership in and management of Ecogensus and VikingPeak. We are confident that we can assist in obtaining these Consents without disparaging you by focusing on the need to kickstart commercialization with a leadership change, which is not atypical in technology startups.

In addition to obtaining the Consents, inclusive of the releases of you from all equityholders (including Matthew Pacella and Michael Melnik), we anticipate providing (i) cash to you at closing in an amount between $3,500,000 and $7,500,000 and (ii) a contractual right to receive between 5-15% of the cash proceeds available to common equityholders upon a sale of the Holding Company. We recognize that this range is wide, and we expect that we will have the ability to provide more specificity upon the completion of basic due diligence.

Due to lack of insight into the current states of Ecogensus and VikingPeak, our offer assumes an element of financial distress, annual net losses and annual revenue under $5,000,000, and is priced

N1

accordingly. To the extent that either Ecogensus or VikingPeak have positive EBITDA or even encouraging revenue CAGR, we are happy to modify accordingly. Our offer also assumes that Ecogensus and VikingPeak does not currently have any outstanding indebtedness. However, to the extent that indebtedness is currently outstanding, we are happy to work with the debtholders on a reorganization plan that is acceptable to all parties involved.

We also are assuming that there is no pending or threatened litigation related to Ecogensus and VikingPeak beyond our case, the case with Michael Melnik and historical issues with Zero Global Waste.

In order to move forward with the Acquisition, we ask that you provide access to the following basic due diligence as soon as reasonably practicable, which we agree that we will not utilize against you in our pending litigation or share with any third parties without your consent:

(i) financial statements of Ecogensus, VikingPeak and any related companies for the previous three years;
(ii) a summary of any patents and patent applications throughout the world;
(iii) a list of any customers broken down by (a) number of units of Ecogensus equipment that have been ordered, (b) number of units of Ecogensus equipment that have been commissioned and (c) downpayments placed by any customers for orders that have not yet been delivered. We understand that this may be sensitive, and as such we are fine with redaction of any identifying information at this stage;
(iv) an accounts payable aging schedule;
(v) a capitalization summary, inclusive of any indebtedness. Again, due to the sensitivity of the information, we are fine with redactions at this stage.

We have secured preliminary equity commitments from our partners to help fund the Acquisition, and as such we would like to move forward on an accelerated timeline. Our timeline requirements during the litigation pause are as follows: (i) executed term sheet no later than June 6, (ii) purchase agreement signing no later than June 20 and (iii) closing of the transaction no later than July 11. We anticipate the delay between signing and closing due to the Consent requirement noted above, which we understand will require a carefully coordinated plan.

This Indication is non-binding and will become binding only upon the execution of definitive documents. To the extent that you would like to move forward based on the above, we ask that you provide an acknowledgment via your attorney within seven days. Thank you for your consideration

Sincerely,

[signature]

Matthew R. Pacella

N2