**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **BJØRNULF ØSTVIK,**<br><br>*Plaintiff / Counterclaim-Defendant,*<br><br>**v.**<br><br>**RICK SANTORUM,**<br>**JEFFORY BLACKARD, and**<br>**ZERO GLOBAL WASTE, LLC,**<br><br>*Defendants / Counterclaim- and Third-Party Plaintiff,*<br><br>**v.**<br><br>**SRF TECHNOLOGY LICENSING EUROPE EAST, LLC, and ECOGENSUS, LLC,**<br><br>*Third-Party Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:26-cv-00264-SDJ**<br><br>**JURY TRIAL DEMANDED** |

**THIRD-PARTY DEFENDANTS SRF TECHNOLOGY LICENSING EUROPE EAST, LLC**
**AND ECOGENSUS, LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER (DKT. 41) OUT OF TIME**

## I. RELIEF REQUESTED

Third-Party Defendants SRF Technology Licensing Europe East, LLC ("SRF") and Ecogensus, LLC (together, "Movants") respectfully move under Federal Rule of Civil Procedure 6(b)(1)(B) and Local Rule CV-7(k) for leave to file, out of time, their Reply in Support of their Motion to Transfer Counts III–VII to the Southern District of New York (Dkt. 41). Counsel for Zero Global Waste, LLC ("ZGW") confirmed on August 10, 2026 that ZGW does not oppose the relief requested. The reply deadline fell in the middle of emergency proceedings in a third-party-funded arbitration in New York in which the claimant's witness list named Defendants Rick Santorum and Jeffory Blackard and the claimant's submissions placed matters concerning Defendant Zero Global Waste, LLC at issue. Five days before a two-day evidentiary hearing, in the same window in which the reply was due, the arbitrator compressed the remaining pre-hearing exchanges into the next 24 to 48 hours, and the claimant's pre-hearing theory, exhibit index, and witness list first arrived on July 23 and 24, requiring undersigned counsel's immediate and continuous response. Baker Decl. ¶¶ 3–10. In accordance with Local Rule CV-7(k), the Reply is filed immediately following this Motion, and Movants respectfully request that it be deemed timely filed.

## II. GOOD CAUSE FOR THE UNTIMELY FILING

ZGW filed its Response on July 20, 2026. Dkt. 49. The reply was due seven days later, on July 27. L.R. CV-7(f). The next morning, a two-day evidentiary hearing began in New York in an arbitration in which the claimant had named Defendants Santorum and Blackard as witnesses and placed ZGW-related matters at issue. Baker Decl. ¶ 3. The week between was consumed by that proceeding.

On July 10, the claimant served his hearing exhibits: thousands of unnumbered files without an index or exhibit designations, including a single document exceeding 2,000 pages,

without page references. In counsel's assessment, the designated material included attorney-client privileged and confidential material, non-public information concerning Plaintiff acquired during a former representation, and confidential information concerning non-parties. Those designations demanded an immediate response: privilege and confidentiality review, applications for protective relief, and repeated communications with the arbitral administrator. Baker Decl. ¶¶ 4–5. On July 17, the administrator placed the arbitration on administrative hold; while the hold was in place, whether and when the hearing would proceed at all was unresolved. Baker Decl. ¶ 6.

That question was answered on July 23, five days before the hearing, when the hold was suddenly lifted and the arbitrator entered Procedural Order No. 6. The order denied an adjournment, denied the respondents' motion for a protective order, directed the claimant to serve his pre-hearing submission "upon receipt of this order," required the parties to exchange all exhibits, exhibit lists, and witness lists by noon on July 24, and provided that no further applications would be considered. Baker Decl. ¶ 7 & Ex. A. The claimant, who had withheld his pre-hearing memorandum, served it that day, advancing a new hearing theory for the first time; his exhibit index and witness list arrived at approximately noon on July 24. Baker Decl. ¶ 8. The intervening weekend went to emergency written applications to the arbitral administration, including demands for arbitrator disclosure under NAM Rule 22(H) and conflict disclosure under NAM Rule 23(B), and to continued privilege review. Baker Decl. ¶ 9. Counsel then conducted the hearing on July 28 and 29. Baker Decl. ¶ 10.

Privileged information regarding highly sensitive matters, including protected information regarding Plaintiff Østvik in this matter and non-public information which affects the interests of the United States, were place into the employment arbitration, which had never been raised or discussed before, were not part of claimant's original demand, and thus could not reasonably have

been anticipated. This required additional emergency consults and protective steps thereafter which are ongoing. Baker Decl. ¶ 11.

Counsel conferred with counsel for ZGW, who confirmed on August 10 that ZGW does not oppose the relief requested; the Motion and Reply are filed on August 14. Baker Decl. ¶ 12.

## III. THE REQUIREMENTS FOR LEAVE ARE MET

After a deadline expires, the Court may extend it "for good cause . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The determination is "at bottom an equitable one," weighing the danger of prejudice, the length of the delay and its impact on the proceedings, the reason for the delay, and good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 395 (1993); *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007). Each factor favors leave. There is no prejudice: ZGW has fully briefed its opposition and does not oppose this Motion. The delay is eighteen days and the Court has not ruled on Dkt. 41 and has stated that it will enter a scheduling order once it has ruled on the pending motions, expressly including Dkt. 41. Dkt. 52. No trial date, discovery deadline, or other setting has been displaced. Baker Decl. ¶ 13. The reason for the delay was an emergency created by a third-party in litigation events in a forum in New York requiring Counsel's physical presence, not indifference to this Court's schedule. The Reply will complete the briefing and assist the Court's disposition of a fully contested venue question.

## IV. CONCLUSION

Movants respectfully request that the Court grant leave and deem the Reply, filed immediately following this Motion, timely filed pursuant to Local Rule CV-7(k).

Dated: August 13, 2026

Respectfully submitted,

*/s/ Michael Simon Baker*
Michael Simon Baker (admitted pro hac vice, Dkt. 28)
New York State Bar No. 2978062
MICHAEL S. BAKER, P.C.
212 Bellvale Lakes Road
Warwick, New York 10990
Telephone: (212) 203-9234
Email: michael@nybusiness.law
*Counsel for Third-Party Defendants SRF Technology Licensing Europe East, LLC and Ecogensus, LLC*

**CERTIFICATE OF SERVICE**

I certify that on August 13, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

/s/ Michael Simon Baker

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), I certify that I conferred by email with Joseph A. Magliolo, counsel for Zero Global Waste, LLC, regarding the relief requested in this Motion, and that on August 10, 2026, counsel confirmed that ZGW does not oppose the Motion. Because the Motion is unopposed, no statement of open issues is required.

/s/ Michael Simon Baker