**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **BJØRNULF ØSTVIK,**<br><br>*Plaintiff / Counterclaim-Defendant,*<br><br>**v.**<br><br>**RICK SANTORUM,**<br>**JEFFORY BLACKARD, and**<br>**ZERO GLOBAL WASTE, LLC,**<br><br>*Defendants / Counterclaim- and Third-Party Plaintiff,*<br><br>**v.**<br><br>**SRF TECHNOLOGY LICENSING EUROPE EAST, LLC, and ECOGENSUS, LLC,**<br><br>*Third-Party Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:26-cv-00264-SDJ**<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF MICHAEL SIMON BAKER IN SUPPORT OF THIRD-PARTY DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER (DKT. 41) OUT OF TIME**

I, Michael Simon Baker, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am the principal of Michael S. Baker, P.C. and counsel of record for Third-Party Defendants SRF Technology Licensing Europe East, LLC and Ecogensus, LLC, admitted pro hac vice in this action (Dkt. 28). I also represent Plaintiff Bjørnulf Østvik (Dkt. 32). I make this declaration from personal knowledge in support of Movants' Unopposed Motion for Leave to File Reply in Support of Their Motion to Transfer (Dkt. 41) Out of Time.

2. Zero Global Waste, LLC filed its Response to the Motion to Transfer on July 20, 2026 (Dkt. 49). Under Local Rule CV-7(f), Movants' reply was due July 27, 2026.

3. The reply period coincided with emergency proceedings in an arbitration in New York administered by NAM (National Arbitration and Mediation), Case No. 1000265862 (the "Arbitration"). The respondents in the Arbitration include clients of mine in this action. The claimant's witness list identified, among others, Defendants Rick Santorum and Jeffory Blackard, and the claimant's pre-hearing submissions placed at issue matters concerning Defendant Zero Global Waste, LLC. An evidentiary hearing was held on July 28 and 29, 2026, the two days immediately following the July 27 reply date. Claimant and counsel in that employment arbitration have separately, each, confirmed in writing that the arbitration is third-party funded.

4. On July 10, 2026, the claimant served his hearing exhibits: a voluminous production of unnumbered files without an index or exhibit designations, including a single designation exceeding two thousand pages, without page references. In my assessment, the designated material included attorney-client privileged and confidential material, highly sensitive non-public information concerning Plaintiff acquired during a former representation, and confidential information concerning non-parties. The designations demanded an immediate protective response.

5. That response consumed the days that followed: privilege and confidentiality review, preparation and prosecution of applications for protective relief, and repeated communications with NAM's administration.

6. On or about July 17, 2026, NAM placed the Arbitration on administrative hold. While the hold was in place, whether and when the evidentiary hearing would proceed was unresolved.

7. The hold was abruptly lifted on July 23, 2026, and that same day, five days before the hearing, the arbitrator entered Procedural Order No. 6, a true and correct copy of which is

attached as Exhibit A. The order denied the respondents' application to adjourn the hearing, denied the respondents' motion for a protective order, directed the claimant to serve his pre-hearing submission "upon receipt of this order," required the parties to exchange all exhibits, exhibit lists, and witness lists by noon on July 24, 2026, and provided that no further applications would be considered. The effect was to compress the parties' remaining pre-hearing exchanges into the 24 to 48 hours following the order, beginning five days before the hearing.

8. The claimant had not served his pre-hearing memorandum before that order; in the preceding week, he had sought additional time to review the respondents' exhibits before doing so. Following Procedural Order No. 6, the claimant served his pre-hearing submission on July 23, 2026, advancing his hearing theory for the first time and placing additional privileged and confidential material at issue. His exhibit index and witness list first arrived at approximately noon on Friday, July 24, 2026, which was only four days before the hearing.

9. Between July 23 and July 27, including over the weekend, I was continuously engaged in the Arbitration: responding to the late-arriving disclosures, continuing the privilege and confidentiality review, and, on Sunday, July 26, preparing and submitting formal written applications to NAM's administration, including demands for arbitrator disclosure under NAM Rule 22(H) and conflict disclosure under NAM Rule 23(B).

10. I then prepared for and conducted the evidentiary hearing on July 28 and 29, 2026, which required my physical presence in New York City.

11. Privileged information regarding highly sensitive matters, including protected information regarding Plaintiff Østvik in this matter and non-public information which affects the interests of the United States, were place into the employment arbitration, which had never been raised or discussed before, were not part of claimant's original demand, and thus could not

reasonably have been anticipated. This required additional emergency consults and protective steps thereafter which are ongoing.

12. Counsel conferred with counsel for ZGW, who confirmed on August 10 that ZGW does not oppose the relief requested; the Motion and Reply are filed on August 14.

13. The Court has not ruled on the Motion to Transfer. On July 23, 2026, the Court cancelled the August 5, 2026 management conference and stated that it will enter an appropriate scheduling order once it has ruled on the pending motions, including Dkt. 41. Dkt. 52. To my knowledge, no trial date, discovery deadline, or other setting has been displaced.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2026, at Warwick, New York.

/s/ Michael Simon Baker
Michael Simon Baker