**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **BJØRNULF ØSTVIK,**<br><br>*Plaintiff / Counterclaim-Defendant,*<br><br>**v.**<br><br>**RICK SANTORUM, JEFFORY BLACKARD, and ZERO GLOBAL WASTE, LLC,**<br><br>*Defendants / Counterclaim- and Third-Party Plaintiff,*<br><br>**v.**<br><br>**SRF TECHNOLOGY LICENSING EUROPE EAST, LLC, and ECOGENSUS, LLC,**<br><br>*Third-Party Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:26-cv-00264-SDJ**<br><br>**JURY TRIAL DEMANDED** |

**<u>REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER</u>**

Østvik, an individual inventor and founder, came to this Court *pro se* to protect his rights and his name. He had discovered that two trademarks had been registered to a McKinney, Texas office and that his name had been used as a false endorsement. Dkt. 1 ¶¶ 14, 25–26, 54, 56–58. He did so amid a pressure campaign by Defendants and the broader enterprise alleged in New York.

Rather than answer those claims, Defendants improperly filed a third-party complaint against SRF Technology Licensing Europe East, LLC ("SRF") and Ecogensus, LLC. That pleading attempts to convert a trademark action into corporate controversies governed by the New York forum-selection clauses Defendants signed, and it abandons the New York forum where SRF had filed suit more than two months earlier. Dkt. 9 at 1; SDNY No. 1:26-cv-02136, Dkt. 7 at 1.

New York is the forum ZGW chose. Its agreements require that these disputes "shall be litigated" there, with "exclusive jurisdiction," and its own mediation demand designated New York. Dkt. 15-7 at 4, § 3.05; Dkt. 15-6 at 7, § 4.07; Dkt. 41-1 ¶ 3. Defendants are now running from that forum. They ask New York to stand down while they press discovery here, and they ask this Court to call a nearly decade-long pattern of coercion and deception "a multi-party commercial dispute" with "the usual inconveniences." Dkt. 58 at 12;

Dkt. 59 at 11–12.

This Court's own record says otherwise. After the Court deferred scheduling pending seven threshold motions, all three Defendants, through one firm, directed 132 demands to Østvik alone and copied his personal email although he was represented. Dkt. 52 at 1; Dkt. 58-1 ¶¶ 2–4; Dkt. 58-2 at 1. When he sought protection, they announced a motion to compel. Supp. Baker Decl. ¶ 2.

None of this is new. Behind Defendants stands non-party Providence Energy Corporation ("Providence"), identified in the initial complaint and a defendant in New York. In 2022, its general counsel told SRF's counsel Providence would "write a blank check" for ZGW's litigation unless SRF entered into a new license agreement surrendering manufacturing rights and market exclusivity over SRF's own technology to ZGW (the very license agreement at issue currently in the Southern District of New York, and improperly brought into this Court via the third-party complaint). Guzov Aff. ¶ 6, *SRF Tech. Licensing Eur. E., LLC v. Zero Glob. Waste, LLC*, Index No. 653605/2022, NYSCEF No. 84 (N.Y. Sup. Ct. N.Y. Cnty. Nov. 22, 2022) ("2022 NY Proceeding") (Ex. A); SDNY Dkt. 36 ¶¶ 115–116, 255, 295 (Ex. B). This conduct is offered under Fed. R. Evid. 408(b) to show coercive pressure and the need for protection.

Enough is enough. The Court should not let its process become the next instrument of this campaign before it decides the governing parties, claims, and forum.

**I. The demands continue a documented pattern of pressure**

When Movants seek a court's protection, the pressure follows. In 2022, SRF sought an order protecting its technology and equipment. A security firm retained by ZGW's Croatian subsidiary demanded withdrawal of the supporting witness's sworn affidavit within eight days, "under the threat of criminal and other legal proceedings." Dkt. 1-13 at 4. The next day, ZGW Croatia's own attorney emailed Østvik directly threatening criminal and regulatory referrals. On October 1, 2025, after Østvik had resisted the campaign to buy him off, the same security firm renewed the threat, promising criminal proceedings in both Croatia and the United States unless a witness statement filed in New York in 2022 was withdrawn. Dkt. 1-13 at 2–4; Dkt. 1-24 at 2–3.

The pressure against Østvik has always been personal, so this latest overreaching demand directed to him personally follows the pattern. Santorum once texted Østvik warning of "real discomfort." Then a stranger identifying himself as a pastor who had gotten Østvik's number from Santorum and Blackard left a voicemail praying for Østvik's wife and his dying mother-in-law. Dkt. 1 ¶¶ 65–66; Dkt. 1-9 at 2.

Two of Defendant Santorum's associates have assaulted Østvik: Santorum's former U.S. Senate state director in 2014; and Matthew Pacella, Defendant's current associate, in 2018, in an episode in which Pacella also threatened Østvik's family. SDNY Dkt. 36 ¶¶ 84, 93. Pacella also brought a third-party funded arbitration not long after Santorum's "real discomfort" text.

Defendants' aversion to New York is selective. At the July 2026 arbitration hearing in New York, Santorum and Blackard were on the claimant's witness list, and ZGW's affairs were injected into the proceeding. The claimant and his counsel separately confirmed outside funding in writing. Dkt. 53-1 ¶¶ 3, 10. Blackard has also sworn that Pacella disclosed Østvik's highly sensitive, privileged information to him. SDNY Dkt. 36 ¶¶ 246, 252.

While SRF prepared for the June New York mediation ZGW requested and induced SRF to pay $12,000 toward, ZGW abruptly filed its third-party complaint here. SRF's protective injunction action was already pending in SDNY, as contractually permitted during mediation. Dkt. 44-1 ¶ 33; Dkt. 41-1 ¶¶ 3–7; Dkt. 15-3 at 29–30, § 9.08. On June 3, hours before ZGW filed, ZGW shareholder and attorney Curtis Bostic emailed to check the mediation's status, reinforcing SRF's belief it would proceed. Dkt. 41-1 ¶ 12. Blackard nevertheless verified under penalty of perjury that SRF had "refused to participate in mediation," a statement plainly contradicted by the record. Dkt. 9 ¶ 46 & Verification at 27.

Defendants demand from Østvik personally over a decade of corporate records, details of corporate ownership and authority, revenue sources, and the name, role, service dates, and email address of every past or present Ecogensus employee, officer, director, manager, and member. Dkt. 58-3 at 6–7; Dkt. 58-6 at 4, 7–8. Defendants served six sets August 7, fifteen days after the Court deferred scheduling. Dkt. 52 at 1; Dkt. 58-1 ¶¶ 2–4. Østvik sought protection September 14; Defendants opposed September 25 and announced

plans to compel October 1. Supp. Baker Decl. ¶ 2. Financial backing, cumulative demands, and renewed enforcement pressure present the oppression Rule 26(c) addresses. Rule 26(b)(1) requires consideration of resources.

**II. Defendants' own record defeats their dismissal of safeguards and burden**

Magliolo swears: "At no point prior to the filing of the Motion for Protective Order did Movants or their counsel request, propose, or even mention a confidentiality agreement or protective order governing the handling of allegedly confidential or trade-secret information in this litigation." Dkt. 59-1 ¶ 12. The joint report states: "The parties will jointly request entry of a protective order (including an attorneys'-eyes-only tier for proprietary technical materials) and an order under Federal Rule of Evidence 502(d) before any production." Dkt. 51 at 8; accord id. at 7. Magliolo signed it by permission. Id. at 13. His categorical sworn denial is false on this record.

Defendants seek to force Østvik personally to answer 132 demands sweeping through more than a decade of two companies' financial records, patent prosecution, technical support, and regulatory affairs, then dismiss that concentrated pressure on one individual as "unremarkable." Dkt. 59 at 11; Dkt. 58-3 at 6–7; Dkt. 58-6 at 4, 7–8; Dkt. 58-7 at 10. Responding requires Østvik to separate his records from company records, determine which he controls, and review them for privilege and confidential technical information. Dkt. 58-1 ¶¶ 4–5. Unlike Goodwill's failure to show significant prejudice in *Moorehead*, these are identified burdens. *Moorehead v. Goodwill Indus. of Ne. Tex.*, No. 4:25-cv-563, Dkt. 44 at 1–3 (E.D. Tex. Nov. 18, 2025). Declining sanctions concedes nothing about prospective protection. Dkt. 59 at 20.

The New York court rejected overbroad or irrelevant ZGW requests, restricted disclosure of produced documents, and capped depositions at four hours. 2022 NY Proceeding, NYSCEF No. 83 at 4–5 (Ex. C).

**III. The threshold rulings should govern discovery before further enforcement**

Movants seek an express stay under Rule 26(c) and Local Rule CV-26(a). The factors are breadth, burden, and strength of the pending motions. *Wapp Tech Ltd. P'ship v. Apple Inc.*, No. 4:25-cv-230, Dkt. 168 at 8 n.5 (E.D. Tex. May 1, 2026). *X Corp.* applies that inquiry and faults missing specific burden

evidence; its venue discussion creates no categorical "obvious" success prerequisite. *X Corp. v. Media Matters for Am.*, No. 4:23-cv-1175, Dkt. 54 at 2–5, 9–11 (N.D. Tex. Apr. 26, 2024). *Health Choice* involved unexchanged requests and speculative burden. *Health Choice Grp., LLC v. Bayer Corp.*, 2018 WL 5728515, at *3 (E.D. Tex. Apr. 25, 2018).

Defendants invoke the unresolved forum question to seek a pause in New York while insisting that Østvik incur discovery costs here before the Court decides where the dispute belongs. Three days after serving sweeping Texas discovery, ZGW asked New York to await this Court's forum ruling. Dkt. 58 at 12. Transfer warrants priority. *In re TikTok, Inc.*, 85 F.4th 352, 362–63 (5th Cir. 2023). The pending rulings may remove parties, eliminate claims, or transfer Counts III–VII, determining whose records are discoverable and where.

Defendants demand contention and damages answers while seeking dismissal and despite notice of Østvik's forthcoming motion to amend. Dkts. 5–7; Dkt. 55 at 1. Rule 33(a)(2) permits deferral to avoid needless rework. Dkt. 58 at 13. Confidentiality restrictions and individual objections leave Østvik bearing the cumulative collection, review, response, and enforcement costs of six sets while the parties, claims, and forum remain unsettled.

The Court should grant the stay of merits discovery and enforcement requested at Dkt. 58 through disposition of Dkts. 5–7, 31, 33, 35, and 41 and the ensuing discovery order, on the terms requested there, with interim protection under Dkt. 58-9. Østvik's resort to this Court should not become another means of wearing him down.

Dated: October 2, 2026

Respectfully submitted,
/s/ Michael Simon Baker
Admitted pro hac vice; New York State Bar No. 2978062
Counsel for Østvik, SRF, and Ecogensus
MICHAEL S. BAKER, P.C.; 212 Bellvale Lakes Road, Warwick, NY 10990
Telephone: (212) 203-9234; Email: michael@nybusiness.law

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2026, the foregoing is being filed through CM/ECF, which will serve all counsel of record.

/s/ Michael Simon Baker